UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DEAN COMBS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 2:16-cv-00367-WTL-MJD |
| | ) |
| BRUCE LEMMON Commissioner of Ind. Dept. of Correction, | ) |
| | ) |
| Defendant. | ) |

**Entry Directing Further Proceedings**

**I.**

The plaintiff shall have through **November 7, 2016**, in which to either pay the $400.00 filing fee for this action or demonstrate that he lacks the financial ability to do so. If he seeks leave to proceed *in forma pauperis*, his request must be accompanied by a copy of the transactions associated with his institution trust account for the 6-month period preceding the filing of this action on September 26, 2016.

**II.**

In his Motion of 1983 Prisoner Complaint to Show Cause, the plaintiff alleges a "breach of contract" and requests to "revive" the case of *Indiana Protection and Advocacy Services Comm'n et al. v. Commissioner, Indiana Dep't of Correction*, No. 1:08-cv-1317-TWP-MJD ("IPAS"). He also seeks monetary relief and alleges generally that his mental health needs are not being met. The IPAS case was a class action involving mental health care for prisoners, but that case concluded through a private settlement agreement involving injunctive relief. Moreover, any complaints regarding the enforcement of relief obtained in that case should be directed to counsel

for the class, the ACLU of Indiana, 1031 E. Washington St., Indianapolis, IN 46202. No relief in the IPAS case can be granted in this separate lawsuit. If the plaintiff seeks relief or raises complaints based on the IPAS case, he shall have **through November 7, 2016**, in which to notify the Court and seek dismissal of this case.

### III.

If the plaintiff wishes to pursue individual relief in this case, he will have **through November 7, 2016**, to file an Amended Complaint. This is because the Motion of 1983 Prisoner Complaint to Show Cause, if considered to be a complaint, fails to state a claim upon which relief can be granted.

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss a complaint brought by a prisoner or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)). The purpose of this requirement is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)(citing *Conley v. Gibson,* 355 U.S. 41, 47 (1957)); *see also Wade v. Hopper,* 993 F.2d 1246, 1249 (7th Cir. 1993)(noting that the main purpose of Rule 8 is rooted in fair notice: a complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.") (quotation omitted)). The complaint "must actually suggest that the plaintiff

has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)).

Here, the complaint must be dismissed. First, the sole defendant is the Commissioner of the Indiana Department of Correction, but liability under § 1983 requires that a defendant be personally responsible for the alleged violation. *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009)("Section 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise. . . . *Monell's* rule [is that] that public employees are responsible for their own misdeeds but not for anyone else's.")(citing *Monell v. New York City Dep't of Social Services,* 436 U.S. 658 (1978)). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1948 (2009). The plaintiff makes no allegations sufficient to hold the Commissioner personally liable. In addition, the plaintiff's generalized complaints of mistreatment are not sufficient to state a claim that his Eighth Amendment rights have been violated. In order for an inmate to state a claim under § 1983 for medical mistreatment or the denial of medical care, the prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). Deliberate indifference exists only when an official "knows of and disregards an excessive risk to an inmate's health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994)(construing *Estelle*).

Combs has not sufficiently alleged that any individual has been deliberately indifferent to his serious medical needs.

The plaintiff shall have **through November 7, 2016,** in which **to file an amended complaint if he wishes to pursue his claims in this case.**

If he files an amended complaint, the plaintiff shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); (b) the amended complaint must include a demand for the relief sought; (c) the amended complaint must identify what legal injury they claim to have suffered and what persons are responsible for each such legal injury; and (d) the amended complaint must include the case number referenced in the caption of this Entry. The plaintiff is further notified that "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

In organizing his complaint, the plaintiff may benefit from utilizing the Court's complaint form. The **clerk is directed** to include a copy of the prisoner civil rights complaint form along with the plaintiff's copy of this Entry.

If an amended complaint is filed as directed above, it will be screened. If no amended complaint is filed, this action will be dismissed for the reasons set forth above.

**IT IS SO ORDERED.**

*[signature: William T. Lawrence]*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Date: 9/29/16

**Note to Clerk: Processing this document requires actions in addition to docketing and distribution.**

Distribution:

DEAN COMBS
882800
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838