UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

DEAN COMBS,                           )
                                      )
                    Plaintiff,        )
                                      )
        vs.                           )        No. 2:16-cv-00367-WTL-MJD
                                      )
MS. PORTER, DICK BROWN,               )
                                      )
                    Defendants.       )
                                      )

## Entry Discussing Motion for Summary Judgment

Plaintiff Dean Combs, an inmate at the Wabash Valley Correctional Facility (WVCF), brings this action pursuant to 42 U.S.C. § 1983. Mr. Combs asserts that the defendants have failed to ensure that he receive adequate treatment for his serious mental health needs. The defendants move for summary judgment on Mr. Combs's claims arguing that he failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA) before filing this lawsuit. For the following reasons, the motion for summary judgment, Dkt. No. 65, is **granted**.

## I. Standard of Review

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion," relying on submissions "which it believes demonstrate the absence of a genuine issue of material

fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party must "go beyond the pleadings" and show that there is a genuine issue for trial. *Id.* at 324. Both the party "asserting that a fact cannot be," and a party asserting that a fact is genuinely disputed, must support their assertions by "citing to particular parts of materials in the record," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1)(A)-(B).

While he submitted voluminous other filings, Mr. Combs did not file a response to the motion for summary judgment. This is despite the fact that he was reminded on two occasions to do so. Dkt. No. 83 and Dkt. No. 91. This is also despite the fact that he was provided the Notice Regarding Right to Respond and Submit Evidence in Opposition to Motion for Summary Judgment, as required by the Court's Local Rules. Dkt. No. 67. While some of Mr. Combs's filings may be considered to contain argument that he attempted to exhaust his administrative remedies, none of his filings directly addresses the motion for summary judgment and none constitutes an adequate response to the motion for summary judgment as required by this Court's Local Rule 56-1. Local Rule 56-1 requires that "The response must include a section labeled 'Statement of Material Facts in Dispute' that identifies the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment." The Seventh Circuit has "repeatedly held that the district court is within its discretion to strictly enforce compliance with its local rules regarding summary-judgment motions." *Patterson v. Indiana Newspapers, Inc.*, 589 F.3d 357, 360 (7th Cir. 2009); *see also Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008). That is the case here. The

Southern District of Indiana's Local Rule 56-1 shall be enforced. *See also McNeil v. United States*, 508 U.S. 106, 113 (1993).

The consequence of his failure to comply with Local Rule 56-1 and respond to the motion for summary judgment is that Mr. Combs has conceded the defendants' version of the events. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *see* S.D. Ind. Local Rule 56-1 ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."). The Court therefore will not consider allegations in Mr. Combs's complaint or other filings in ruling on this motion. This does not alter the standard for assessing a Rule 56 motion, but it does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

## II. Statement of Facts

Mr. Combs is an inmate at WVCF and has been at all times relevant to his claims in this case. There is an offender grievance program in place at WVCF -- IDOC Policy and Administrative Procedure 00-02-301, Offender Grievance Process. Upon their arrival at WVCF, inmates receive documentation on this process.

Under the IDOC offender grievance program, offenders can grieve actions of individual staff, including claims related to medical care. Pursuant to the Grievance Process, an inmate must first attempt to informally resolve his complaint by requesting a form and contacting an appropriate staff member. If the informal complaint process does not resolve the inmate's issue,

he may then submit an "Offender Grievance" to the Executive Assistant / Grievance Specialist. If the grievance is not resolved in a manner that satisfies the offender, or if he did not receive a response to the grievance within twenty working days of submission, the offender may file an appeal to the Department of Offender Grievance Management at IDOC's Central Office.

The records maintained by IDOC and WVCF document whether an offender attempted an informal grievance and filed a formal grievance or grievance appeal. IDOC and WVCF records also document when a grievance was filed, the response the offender received from the facility, how far through the grievance process the offender pursued his claims, and the ultimate resolution of the grievance. There is no record that Mr. Combs has submitted any grievances while incarcerated at WVCF.[1]

## III. Discussion

The defendants argue that by failing to submit any grievances related to his claims, Mr. Combs has failed to exhaust his available administrative remedies.

The PLRA requires that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e; see *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). Exhaustion of available administrative remedies "'means

---

[1] The Court notes again that although he has not complied with Local Rule 56-1, despite being instructed to do so, Mr. Combs submitted a number of filings stating that he tried to submit grievances or asking the Court to assist him with filing grievances. Even if these filings were considered as a response to the motion for summary judgment, they would not create a genuine issue of material fact. None of these filings is specific enough to show that he did attempt to grieve the issues raised in his complaint – that he received inadequate mental health care. *See* dkt. 72; 79; 82. And most of his references to grievances are to an alleged assault, not his mental health care. *See* dkt. 70; 76; 78.

using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" *Id.* at 90 (*quoting Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Proper use of the facility's grievance system requires a prisoner "to file complaints and appeals in the place, and at the time [as] the prison's administrative rules require." *Pozo*, 286 F.3d at 1025; *see also Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). The exhaustion requirement "is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The defendants have submitted evidence that Mr. Combs filed no grievances related to his mental health complaints and therefore failed to exhaust his available administrative remedies on these claims. They have therefore met their burden of showing that Mr. Combs failed to exhaust his administrative remedies before filing this lawsuit. By failing to respond to the motion for summary judgment, Mr. Combs has failed to rebut this evidence. Accordingly, the defendants are entitled to summary judgment and this action must be **dismissed without prejudice**.

## IV. Conclusion

For the foregoing reasons, the motion for summary judgment, Dkt. No. 65, is **granted.** The motion for a hearing, Dkt. No. 92, is **denied**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 2/13/18

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

DEAN COMBS
882800
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111

CARLISLE, IN 47838

Jeb Adam Crandall
BLEEKE  DILLON  CRANDALL ATTORNEYS
jeb@bleekedilloncrandall.com

Marley Genele Hancock
INDIANA ATTORNEY GENERAL
marley.hancock@atg.in.gov

Rebecca L. Loeffler
INDIANA ATTORNEY GENERAL
rebecca.loeffler@atg.in.gov